Paul G. Rogers
Federal Building & US Courthouse
701 Clematis St
West Palm Beach, FL 33401
561-803-3400

**BLAIZE CONTE**
   Plaintiff

v.                                         Case No:

**TRI-COUNTY CLEANING SERVICES INC;**
**LEON LONGSWORTH; INDIVIDUALLY**
**MERCEDES LONGSWORTH; INDIVIDUALLY**
   Defendant(s).



FILED BY ICC D.C.
FEB 06 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## Complaint

Plaintiff, BLAIZE CONTE("Plaintiff"), hereby sues Defendants, TRI-COUNTY CLEANING SERVICES INC; LEON LONGSWORTH, AND MERCEDES LONGSWORTH,

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 costs resulting from Defendants' violations of the Fair Labor Standards Act, 25 U.S.C 201-219("FLSA").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Palm Beach County Florida, within the jurisdiction of this Honorable Court.

3. Defendant, Tri-COUNTY CLEANING SERVICES INC, IS A FLORIDA PROFIT CORPORATION, conducting business in Palm Beach, Boward County, Miami Dade County Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

4. Defendant, LEON LONGSWORTH, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant TRI-COUNTY CLEANING SERVICES, INC.

5. Defendant, MERCEDES LONGSWORTH, is a corporate officer of, and exercised operation control over the activities of, corporate DEFANDANT TRI-COUNTY CLEANING SERVICES, INC.

6. Venue is proper in Palm Beach County because some of the actions that form the basis of this complaint occurred within Palm Beach County, Boward County, Miami-Dade.

7. Declaratory, legal and equitable relief sought pursuant to the laws set forth

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff performed work for Defendants from on or about 2017 to on or about January 2020 as Janitor/ Maintenance worker/ fix vacuum cleaners.

10. Plaintiff would work over 40 hours a week or more and would never be paid and never paid for overtime.

11. On more than one occasion Plaintiff would find that the checks received would bounce due to a lack of funds. The Plaintiff had to wait over a months to cash.

12. Defendant would tell Plaintiff that they didn't need to pay him because they ask him to do TRI-COUNTY CLEANER SERVICE, A PROFIT COMPANY to do the company a favor.

13. Plaintiff was not paid anything at all from December 15 to current, Plaintiff was forced to give notice to "Quit"(see text messages).

14. Plaintiff loaned TRI-COUNTY CLEANING SERVICES, INC, Mercedes Longsworth and Leon Longsworth on or around October 1, 2018 $8000, (see contract), which have failed to repay

any amounts of agreements.

14. (A). Plaintiff and Defendants both shared a storage Unit called Public Storage costing around $175 monthly without tax. Both agreed to pay half the monthly rate. Defendant was forced by Defendants' HOA to move all work equipment out of their Home. After 6 months, Defendants didn't pay any of the months, Defendant used Plaintiff's credit card without his knowledge to pay the monthly bills totaling over $1000. Plaintiff closed the storage.

14. (B.) After storage unit was closed, Plaintiff stored up to 10 vacuums, maid cart and jo other TRI-COUNTY CLEANING SERVICE, INC'S equipment.

## COUNT 1
BLAIZE CONTE FLSA Violation against TRI-COUNTY CLEANING SERVICES, INC, INC.

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14, including 14a, 14b. Of this complaint as if set out in full herein.

16. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage under the provisions of FLSA as well as an additional amount of $8,000 loan on or about October 1, 2018 under the provisions of FLSA

17. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant name herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

18. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engage in commerce or in the production of goods for commerce as defined in 3 (r) and 3(s) of the FLSA, 29 U.S.C, 203 (r and 203(s. Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

19. Plaintiff seeks to recover for unpaid wages accumulated from the date of July 2018 and/ or from two(2) years from the date of this complaint.

21. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above and the $8000 loan on/ or around October 2018. as such, Plaintiff is entitled to recover double damages.

21. A. Plaintiff is seeking reimbursement of half the storage fee from July 2018 thru December 2018 totaling over $1000

21. B Plaintiff is seeking reimbursement for storage of TRI-COUNTY CLEANING SERVICES, INC up to 7 vacuums, maid cart, vacuum repair parts for 1 year, 12 months totally $1000

22. Defendant was an employer of Plaintiff within the meaning of Section 3(d ) of the "Fair Labor Standards Act" (29 U.S.C. 203(d ), in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

23. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to,

those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

24. Defendants willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff thee wages since the commencement of Plaintiff employment with Defendant.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

> a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' right;
>
> b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and
>
> c. Award Plaintiff an equal amount in double damages/liquidated damages;
>
> d. Award Plaintiff the $8000 loan on/ or around October 1, 2018 with interest
>
> e. Award Plaintiff storage fee for split cost at Public Storage in Delray, FL and for storage of TRI-COUNTY CLEANING SERVICES INC'S equipment at his residence total $1000
>
> f. Grant Plaintiff such additional relief as the Court Deems just and proper the circumstances.

### COUNT II

BLAIZE CONTE violation against MERCEDES LONGSWORTH

25. Plantiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14, 14a, and 14b of this complaint as if set out in full herein.

26. At the times mentioned, Defendant was, and is now a corporate officer of corporate Defendant, TRI-COUNTY CLEANING SERVICE, INC.

27. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" (29 U.S.C. 203(d)), in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including interest of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

28. As a corporate officer, Defendant possess the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, payment of wages. Defendant had operational control of business and its thus jointly liable for Plaintiff's damages.

29. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' right;

    b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

    c. Award Plaintiff an equal amount in double damages/liquidated damages;

    d. Award Plaintiff the $8000 loan on/ or around October 1, 2018 with interest

    e. Award Plaintiff storage fee for split cost at Public Storage in Delray, FL and for storage of TRI-COUNTY CLEANING SERVICES INC'S equipment at his residence total $1000

      f. Grant Plaintiff such additional relief as the Court Deems just and proper the circumstances.

### COUNT III

BLAIZE CONTE violation against LEON LONGSWORTH

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

31. At the times mentioned, Defendant was, and is now a corporate officer of corporate Defendant, TRI-COUNTY CLEANING SERVICES, INC.

32. Defendant was an employer of Plaintiff within the meaning of Section 3(d ) of the "Fair Labor Standards Act" (29 U.S.C. 203(d )), in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including interest of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

33. As a corporate officer, Defendant possess the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, payment of wages. Defendant had operational control of business and its thus jointly liable for Plaintiff's damages.

34.. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required
by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' right;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages;

d. Award Plaintiff the $8000 loan on/ or around October 1, 2018 with interest

e. Award Plaintiff storage fee for split cost at Public Storage in Delray, FL and for storage of TRI-COUNTY CLEANING SERVICES INC'S equipment at his residence total $1000

f. Grant Plaintiff such additional relief as the Court Deems just and proper the circumstances.

## JURY DEMANDS

Plaintiff demands trial by jury of all issues and trial as of right by jury.

Dated: 2-6-2020

Blaize Conte
441 Pine Glenn Lane
Suite b1
Greenacres, Fl 33463

signature: *Blaize Conte*